IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PETER JAMES ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV-04-1383-C |
| ) | |
| DEPUTY SHERIFF DIAZ, et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, has filed this action pursuant to 42 U.S.C. § 1983, alleging the violation of certain constitutional rights during his incarceration as a pretrial detainee at the Oklahoma County Detention Center (OCDC). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). A motion to dismiss has been filed, asserting that Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).[1] A Special Report, which the Court ordered prepared pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), has been attached to the motion to dismiss. Plaintiff has responded to the motion (Doc. No. 22, hereinafter referred to as Plaintiff's Reply) and thus, the matter is at issue. For the reasons stated below, the undersigned finds that Plaintiff has not exhausted his administrative remedies and therefore recommends that

---

[1] Counsel asserts that the motion is filed on behalf of "Defendant Oklahoma County"; however, Oklahoma County is not a named defendant in this action. Rather, the complaint names Deputy Sheriff Diaz and "staff members names unknown" as defendants. Because counsel entered an appearance on behalf Defendant Diaz (Doc. No. 19), the reference to Oklahoma County as the movant appears to be a typographical error, and the undersigned has therefore construed the motion as filed on behalf of Defendant Diaz.

Defendant's motion be granted and the complaint be dismissed as to all Defendants without prejudice.

Plaintiff's Claims

In three related counts, Plaintiff alleges that on September 2, 2004, OCDC Deputy Diaz exceeded normal procedures for a "pat search" by placing his "hand between my buttocks, around my scrotum and rectum in a jabbing manner" that was insulting and demeaning. He alleges that the deputy's conduct amounted to sexual assault and violated his constitutional rights as well as state and federal law. Complaint at 3-4. Plaintiff requests a jury trial, monetary damages and "medical/mental help." Complaint at 5.

Discussion

Defendant Diaz seeks dismissal of Plaintiff's complaint based on his failure to exhaust his administrative remedies, a requirement mandated by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), which provides:

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The United States Supreme Court has found that the mandate of Congress is clear: exhaustion is required. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Moreover, the provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532. *See also Booth v. Churner*, 532 U.S. 731 (2001). Even where the "available" remedies would appear to be futile with respect to providing the kind of

remedy sought, the prisoner must exhaust those remedies. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citing *Booth*, 532 U.S. at 740).

The Tenth Circuit has found that § 1997e(a) "imposes a pleading requirement on the prisoner" and that "[t]o ensure compliance with the statute, a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209-11 (10th Cir. 2003). Defendants may raise the exhaustion issue in a dispositive motion, "to be addressed promptly by the court." *Id.* Under these circumstances, the court may determine from administrative materials attached to the complaint, "as supplemented by administrative documents or a declaration," that a prisoner has failed to exhaust his prison remedies and "may dismiss the action pursuant to Rule 12(b)(6)." *Id.* at 1212.

By affirmative answer on his form complaint Plaintiff contends that he did, in fact, seek formal or informal relief from the appropriate administrative officials regarding the alleged violations. His explanation of such efforts, however, belies his claim of exhaustion: "I spoke with Lt. Ponds 1st and 2nd shift about the matter, and he said that there's nothing wrong in what they're doing." Complaint at 5. Additionally, Plaintiff neither described with specificity any administrative proceedings related to the allegations of the complaint or the outcome of such proceeding, nor attached copies of any relevant administrative decision to the complaint.

Defendant contends that OCDC has a grievance procedure available to detainees,

the details of which are set forth in the "Resident Information Handbook" provided to every detainee upon admission to OCDC.[2] Defendant further contends that OCDC records show that although Plaintiff submitted a grievance form on a medical issue unrelated to the September 2, 2004, incident, he sought no administrative relief for the alleged violation concerning the claims raised in the instant action. S.R., Exs. 1 (unpaginated) at p. 4 (Memorandum dated March 8, 2005, from D.O. Toy, Disciplinary Grievance Coordinator) and p. 7 (OCDC Grievance Form submitted by Plaintiff on September 20, 2004, complaining of chest pain and requesting to be sent to an outside hospital).

In response to Defendant's motion, Plaintiff contends that he did not receive a handbook upon his arrival at OCDC. Plaintiff's Reply at 2. He further alleges that he "mention[ed]" the incident to a psychologist and other officers and submitted a request to staff to Sheriff Whetsel "concerning possible retaliation." Plaintiff's Reply at 2. Plaintiff has attached to his reply a request to staff submitted December 28, 2004, seeking access to the law library.

Whether or not Plaintiff was ever given a copy of the Inmate Handbook setting forth OCDC's grievance procedures is not relevant to an exhaustion determination. *See Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001) (rejecting the plaintiff's argument that he should have been advised of the need to follow administrative procedures adopted by

---

[2]Although numerous documents - many of no apparent relevance - have been attached to the Special Report, neither a copy of the Resident Handbook nor an explanation of the relevant OCDC grievance procedures has been provided by Defendant.

the Bureau of Prisons) (citation omitted); *Gonzales-Liranza v. Naranjo*, No. 02-2110, 2003 WL 22255886, at *3 (10th Cir. Oct. 2, 2003) [3]("This court has previously rejected a prisoner's assertion that the government should have advised him of the need to follow prison administrative procedures.") (citing *Yousef v. Reno, supra*). In any event, Defendant contends that Plaintiff was aware of the grievance process available to him as evidenced by the September 20, 2004, grievance concerning a medical request. Plaintiff has not disputed Defendant's contention in this regard. However, even if Plaintiff were to claim that he was unaware of the specific OCDC grievance procedures, ignorance of the grievance policy does not excuse noncompliance. *See Turrietta v. Barreras*, No. 02-2343, 2004 WL 214451, at *2 (10th Cir. Feb. 5, 2004).[4]

It is undisputed that Plaintiff failed to exhaust his administrative remedies at OCDC with respect to the claims raised here. The Supreme Court has declined to read futility or any other exception into the PLRA's exhaustion requirement. *Booth v. Churner*, 532 U.S. at 741 n. 6. Under these circumstances, the undersigned finds that Plaintiff has

---

[3]This unpublished disposition and others cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

[4]In *Turrietta v. Barreras*, the inmate alleged excessive force and sought to avoid the PLRA exhaustion requirement, in part because "he [had] never [ been] informed of the grievance procedure." 2004 WL 214451, at *1. The Tenth Circuit rejected the argument, stating:

> We . . . hold that the mandatory exhaustion requirement cannot be excused on the ground that the detainee was not informed of the grievance procedure. "[W]e will not read futility *or other exceptions* into statutory exhaustion requirements where Congress has provided otherwise." "Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them."

*Id.*, at *2 (emphasis in original; citations omitted).

failed to show the exhaustion of his administrative remedies. Therefore, it is recommended that Defendants Diaz's motion to dismiss be granted and the complaint dismissed without prejudice to refiling after Plaintiff exhausts his administrative remedies.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned recommends that Defendant Diaz's motion to dismiss [Doc. No. 20] be granted and that Plaintiff's complaint against all Defendants be dismissed without prejudice for failure to exhaust his administrative remedies as required by 42 U.S.C. §1997e(a).[5] Additionally, if this recommendation is adopted, it is recommended that Plaintiff be assigned one "strike" pursuant to 28 U.S.C. § 1915(g), following appeal or waiver of the right to appeal. *Steele*, 355 F.3d at 1213 (A dismissal based on lack of exhaustion "may constitute a strike for purposes of 28 U.S.C. § 1915(g)").[6] Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 20th day of April, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised

---

[5] In light of Plaintiff's failure to satisfy the § 1997e(a) exhaustion requirement concerning the claims raised in the complaint, the unidentified OCDC staff defendants should be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. *Steele*, 355 F.3d at 1212 (holding that a complaint which fails to plead exhaustion and provide evidence of exhaustion as required by § 1997e(a) is subject to dismissal for failure to state a claim). Dismissal should include claims against Lt. Ponds who is apparently one of the "unidentified staff" mentioned in the complaint. The undersigned notes that Plaintiff issued a summons to and appears to have obtained service on Lt. Ponds (Doc Nos. 15 and 16].

[6] A district court dismissal should count as a "prior occasion" only after Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Entered this 31 day of March, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE