IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PETER JAMES ROBINSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | No. CIV-04-1383-C |
| ) | |
| DEPUTY SHERIFF DIAZ, et al., ) | |
| ) | |
| Defendants ) | |

O R D E R

This action for habeas corpus relief brought by a prisoner, proceeding pro se, was referred to United States Magistrate Judge Bana Roberts, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Roberts entered a Report and Recommendation on March 31, 2005, to which Plaintiff has timely objected. In addition, Plaintiff filed a Motion Demonstrating Exhaustion of Administrative Remedies. The Court will consider the issues raised by Plaintiff de novo.

The facts and law are accurately set out in the Magistrate Judge's Report and Recommendation and there is no purpose to be served in repeating them yet again. In his objection, Plaintiff merely restates the conclusions and legal argument originally asserted, and raises no issue not fully and accurately addressed and rejected by the Magistrate Judge. The fact that Plaintiff may have now exhausted the available remedies[*] does not change the analysis or conclusion reached by the Magistrate Judge. The law is clear, exhaustion is a prerequisite to

---

[*] It is not clear from Plaintiff's brief, or the exhibits thereto, that Plaintiff has, in fact, exhausted. The Court expresses no opinion on this matter but will assume for purposes of this motion only that Plaintiff has exhausted.

filing suit. See 42 U.S.C. § 1997e(a): "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*." (emphasis added). The Tenth Circuit has reinforced this point, see Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1209 (10th Cir. 2003), cert. denied, ___ U.S. ___, 125 S.Ct. 344 (2004) ("Because we believe that a prisoner must plead exhaustion in his complaint, . . . ."), and in fact placed the burden on prisoners to demonstrate exhaustion in their complaint. Id. at 1210-11. Thus, Plaintiff's belated attempts to exhaust the available remedies provide no basis to alter the decision of the Magistrate Judge.

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, Defendant Diaz's motion to dismiss (Dkt. No. 20) is GRANTED and the Plaintiff's claims against all Defendants are dismissed without prejudice for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff's Motion to Appeal Magistrates [sic] Ruling to Dismiss Complaint Due to Not Exhausting Administrative Remedies (Dkt. No. 25) and Motion Demonstrating Exhaustion of Administrative Remedies (Dkt. No. 26) are OVERRULED.

IT IS SO ORDERED this 26th day of April, 2005.

ROBIN J. CAUTHRON
United States District Judge