**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PETER JAMES ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number CIV-04-1383-C |
| | ) |
| DEPUTY SHERIFF DIAZ, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is a Motion Requesting Refiling of Case filed by Plaintiff Peter James Robinson (Robinson), a state prisoner appearing pro se. Consistent with 28 U.S.C. § 636(b)(1)(B), the Court referred the motion to Magistrate Judge Bana Roberts who, in turn, entered a Report and Recommendation (R&R) on June 21, 2005, recommending that Robinson's motion be denied. Robinson timely filed an objection; accordingly, the matter is ripe for disposition. After thorough consideration of the R&R and Robinson's objection, the Court now **ADOPTS** the R&R *in toto* and, for the reasons delineated more fully therein, **DENIES** Robinson's Motion Requesting Refiling of Case.

**STANDARD OF REVIEW** [*]

The Court must review de novo those portions of the R&R to which Robinson filed an objection. 28 U.S.C. § 636(b)(1). In making the de novo determination, the Court must consider all evidence in the record and may not merely review the R&R. Northington v.

---

[*] The facts, procedural posture, and law are accurately set out in the Magistrate Judge's R&R. No viable purpose would be served by their repetition.

Marin, 102 F.3d 1564, 1570 (10th Cir. 1996). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

Though Robinson styled his motion as a request to refile, his requested relief is for permission to reopen his case and amend his complaint in order to demonstrate that he has exhausted his administrative remedies. In the R&R, the Magistrate Judge thoroughly discussed the means by which Robinson could have reopened his case after the Court dismissed it without prejudice – Fed. Rs. Civ. P. 59(e) and 60(b) – and accurately applied the Rules to the facts of the case. The Magistrate Judge concluded that Robinson's motion should be denied as he presented no basis of relief from the Court's order dismissing the case.

In his brief, Robinson does not lodge a specific objection to any factual or legal issue discussed by the Magistrate Judge. See Fed. R. Civ. P. 72(b). Instead, Robinson only objects to the Magistrate Judge's application of the relevant Federal Rules of Civil Procedure to his motion on the grounds that he is proceeding pro se and lacks training in the law. Robinson's pro se status does not excuse him from compliance with the requirements and time limits set forth in the Rules, Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994); therefore, his objection is overruled. Nevertheless, the death knell for Robinson's suit brought under 42 U.S.C. § 1983 has yet to sound. If Robinson has in fact exhausted his administrative remedies, he may refile his complaint properly evidencing that exhaustion.

Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1139 (10th Cir. 2005). See also Simmat v. United States Bureau of Prisons, 413 F.3d 1225, 1237 (10th Cir. 2005) (describing how to evidence the exhaustion of administrative remedies).

In his brief, Robinson also requests that the Court appoint counsel in order for him to properly prosecute his suit. Normally, "[t]here is no constitutional right to appointed counsel in a civil case." Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989). However, under 28 U.S.C. § 1915(d) the Court has broad discretion to appoint counsel for Robinson, an indigent. Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991); see Order, Dkt. No. 8 (granting Robinson's motion to proceed *in forma pauperis*). To properly appoint counsel, the Court considers four factors: the merits of Robinson's claim, the nature of the factual issues raised in his claim, his ability to present his claim, and his claim's legal complexity. Williams, 926 F.2d at 996.

Here, the record is insufficient to determine the merits of Robinson's claim or that the nature of the factual issues raised therein will be difficult. Additionally, the Court is unconvinced that Robinson lacks the capacity to present his claim or that his claim will be legally complex. At this early stage of the litigation, for Robinson to proceed with his suit without appointed counsel will not result in fundamental unfairness or impact his due process rights. Williams, 926 F.2d at 996. Therefore, his request for appointed counsel is denied but subject to reconsideration at a later time.

## CONCLUSION

For reasons delineated more fully above, the Court **ADOPTS** Magistrate Judge Roberts' R&R [Dkt. No. 34] *in toto*. Upon the Court's de novo review, Robinson's objection [Dkt. No. 35] is **OVERRULED** and his Motion Requesting Refiling of Case [Dkt. No. 31] is **DENIED**. In light of the Court's ruling, Robinson's Motion for Disposition of Case [Dkt. No. 33] is **DENIED AS MOOT**.

IT IS SO ORDERED this 20th day of October, 2005.

ROBIN J. CAUTHRON
United States District Judge